United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-41205
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EDWARD PHILLIPS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-18-LED-DDB
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Charles Edward Phillips pleaded guilty to possession of an unregistered firearm, a shotgun having a barrel length of less then 18 inches, a violation of 26 U.S.C. § 5861(d). Phillips was sentenced to 41 months of imprisonment and three years of supervised release. Phillips now appeals, challenging only his sentence.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738, 756 (2005), Phillips

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred when it enhanced his offense level by four pursuant to U.S.S.G. § 2K2.1(b)(5) because the firearm was possessed in connection with another felony offense, the possession of methamphetamine. Under Booker, the judicially determined enhancement, made under a mandatory guideline regime, violated his Sixth Amendment right to a trial by jury. Booker, 125 S. Ct. at 756.

Where, as here, a defendant has preserved a Booker issue in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). The Government concedes that it cannot demonstrate that the Booker error is harmless because it cannot show beyond a reasonable doubt that the mandatory nature of the guidelines did not contribute to the Phillips's sentence. See United States v. Akpan, __F.3d__, No. 03-20875, 2005 WL 852416 at *12 (5th Cir. Apr. 14, 2005). Accordingly, we vacate Phillips's sentence and remand for resentencing. See id.

VACATE SENTENCE; REMAND FOR RESENTENCING.